## YEATMAN *vs.* ERWIN ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
SECOND PRESIDING.

A commission directed to any magistrate of a county in another state, and
executed by a person who calls himself, and is certified by the clerk of the
county, to be one of the justices thereof, cannot be read if objected to
when offered, but the objection can be taken only at that time.

If notice of protest is shown to have been sent to the endorser at a post office
in the parish where he resides, it lies with him to show that there is
a nother post office nearer to his residence. .

*Peirce*, for appellants.

1. The commission was not duly executed; there was no
proof that Mr. Boss, who executed it was a magistrate.

2. It is not proved that the post office established by law, nearest the residence of defendant was Desobry's post office.

3. There is no such office as Desobry's post office known to the law.

*Porter* and *Eustis*, for appellees.

The facts are stated in the opinion of the court pronounced by MATHEWS, J.

The defendants are appellants from a judgment on a note endorsed by their ancestor, and they claim a reversal on the ground that a deposition was read, notwithstanding the absence of any proof of its having been made before the proper officer; and that there was no legal evidence of notice of non-payment having been given to their ancestor.

The commission was directed to any magistrate of the county of Wilkinson, in the state of Tennessee; and it appears to have been executed by a gentleman who calls himself, and is certified by the clerk of the court of the county to be one of the justices thereof. It is certain the objection would have been fatal, if the defendants had sought to avail themselves of it, before they suffered the deposition to be read in the first court. But after having refrained to object there, they cannot be allowed to do so here.

A commission directed to any magistrate of a county in another state and executed by a person who calls himself, and is certified by the clerk of the county, to be one of the justices thereof, cannot be read if objected to when offered, but the objection can be taken only at that time.

The letter of the notary to the endorser, enclosing the notice was directed to "Joseph Erwin, Desobry's post office, Iberville, Louisiana." The record shows that Iberville is the parish in which the endorser resided, no evidence was given at the trial that there was another post office in the parish, nor any (in another parish) nearer to his residence.

A new trial was asked on the affidavit of one of the attorneys of the defendants, who deposed that there are two post offices in the parish of Iberville; that the one called by the notary Desobry's, is not established by the act of congress, under that name, but he believes by that of Plaquemine.

It appears to us the new trial was properly denied; no merits were sworn to; it was not stated that the office to

which the letter was directed is not nearer the endorser's residence than the other office in the parish, and it appears the affiant well knew by the designation the office which was intended.

On the merits, we think that when notice is shown to have been sent to an office in the parish in which the endorser resides, it lies with him to show that there is in the parish, or elsewhere, another office nearer to his residence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*If notice of protest is shown to have been sent to the endorser at a post office in the parish where the defendant resides, it lies with him to show that there is another post office nearer to his residence.*